**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSNEL ORMENE, | No. 23-3494 |
| Petitioner, | Agency No. A209-869-354 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2025[**]
San Diego, California

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Osnel Ormene, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals's ("Board") decision affirming an immigration

judge's denial of his applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review de novo claims of due process violations in removal proceedings. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

1.      Ormene did not receive incompetent translation during his merits hearings rising to the level of a due process violation. *See Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir. 2004) (listing relevant factors). Ormene's contentions regarding translation errors in his original asylum application are not properly before us because he failed to raise them before the Board. *See* 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

2.      Substantial evidence supports the Board's adverse credibility determination. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("In the end, petitioners carry a substantial burden to convince us to overturn a Board decision denying relief on credibility grounds, particularly when the Board has adopted multiple bases for its adverse credibility determination.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**